## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OPTI-COM MANUFACTURING** | * | **CIVIL ACTION** |
| **NETWORK, LLC** | * | |
| **Plaintiff** | * | **NO.** |
| | * | |
| **vs.** | * | **SECTION:** |
| | * | |
| **DURA-LINE CORPORATION** | * | **MAGISTSRATE:** |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Opti-Com Manufacturing Network, LLC, files this Original Complaint for Declaratory Judgment against Defendant, Dura-Line Corporation, as follows:

## I.
### PARTIES

1.      Plaintiff, Opti-Com Manufacturing Network, LLC, also known as and doing business as OMNI (hereinafter "OMNI"), is a corporation incorporated in the State of Louisiana with a principal place of business in the State of Louisiana.

2.      Defendant, Dura-Line Corporation ("Dura-Line"), is a corporation incorporated in the State of Delaware with a principal place of business in the State of Tennessee.

## II.
### JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this matter arises under the trademark laws of the United States, specifically including, 15 U.S.C. § 1051 *et seq*.

4.      This Court also has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over related state law claims, which relate to the federal trademark claims such that they form part of the same case or controversy under Article III of the United States Constitution.

6.      This civil action seeks relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, as well as state law.  This is a suit for declaratory judgment of invalidity and non-infringement of a registered and pending United States Trademark and/or Trade Dress.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this district.

8.      Dura-Line, defendant in this action, has sold and is selling on a continuous and systematic basis numerous products in the State of Louisiana.


### III.
### FACTS

9.      OMNI is in the business of manufacturing telecommunications products for the telecommunications industry and has been in business since 1986.

10.      OMNI offers both standard and custom built products for its conduit systems.  A conduit system is a system that facilitates the installation of conductors, cables or fiber optic strands for the telecommunications or power industries.

11.      As part of its multi-duct fiber optic conduit system, OMNI has manufactured bundled microduct, which is comprised of a polyethylene outer sheath tube, with each sheath

tube containing multiple microduct tubes (available in 2, 3, 4, and 7 configurations) of different colors, measuring different sizes in diameter.

12.     Cables or conductors are inserted in the microduct tubes to allow for the transmission of telecommunications and power.

13.     Each microduct tube contains a functional linear, smooth or ribbed, colored, lubricated lining to improve the installation of cables and reduce friction when pulling cable into the conduit system or installing the cable and to further increase the color combinations available to assign a different color identity to the individual tubes.

14.     The different colored mircoduct tubes and their different colored lining serve additional functional purposes as they are used to designate different users receiving telecommunications and they assist in installing the fiber cables by making it easier to identify which fiber cable corresponds with each microduct tube.

15.     OMNI's multi-duct fiber optic conduit system is marketed to sophisticated consumers.

16.     Dura-Line claims to have a registered trademark, bearing United States Trademark Registration No. 3,185,238, in cylindrical pipe or conduit containing inner and outer layers, such that the color of the inner layer contrasts with the color of the outer layer.

17.     Dura-Line also claims to have pending trademark registration, bearing United States Trademark Application Serial No. 85752571, in cylindrical pipe or conduit containing inner and outer layers, with the inner layer having a series of ribs extending longitudinally along the length of the pipe or conduit.  The color of the inner layer contrasts with the color of the outer layer.

18.     Dura-Line's registered and pending trademarks and/or trade dress are functional.

3

19.     Dura-Line's pending trademarks and/or trade dress is not inherently distinctive, lacks secondary meaning, and comprises unregistrable subject matter.

20.     OMNI's products are not substantially similar to Dura-Line's registered and pending trademarks and/or trade dress and are not likely to confuse customers.

### IV.
#### COUNT I: ACTION FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARKS AND/OR TRADE DRESSES, 15 U.S.C. § 1051 *ET SEQ.*

21.     OMNI reasserts the allegations of Paragraphs 1 through 20 above as if fully set forth here.

22.     Dura-Line claims to own all rights, title and interest in United States Trademark Registration No. 3,185,238 and pending United States Trademark Application Serial No. 85752571.

23.     Dura-Line contends that OMNI's products infringe upon Dura-Line's registered and pending trademarks and/or trade dresses.  These allegations create a justiciable controversy, which affects OMNI's business and will interfere with and harm OMNI's business.

24.     Dura-Line has asserted that OMNI's actions constitute trademark infringement, trade dress infringement, unfair competition, and false advertising.  Thus, an actual, present, and justiciable controversy has arisen between Dura-Line and OMNI concerning OMNI's right to sell microduct and conduit to its customers.

25.     By virtue of correspondence sent by counsel for Dura-Line November 15, 2012 demanding that OMNI cease and desist from selling its products, a controversy exists between the parties to this action that warrants the Court to declare whether Dura-Line validly can claim

any intellectual property rights to its pipe and conduit. (*See* the correspondence attached hereto as Exhibit 1.) Until the Court makes such a declaration, OMNI will be in doubt as to its rights.

26.     OMNI requests a declaratory judgment from this Court that OMNI has not infringed any trademark and/or trade dress rights that Dura-Line may have.

27.     OMNI further requests a declaratory judgment from this Court that OMNI's products are not substantially similar to Dura-Line's pipe and conduit and are not likely to cause confusion with customers.

## COUNT II: ACTION FOR DECLARATORY JUDGMENT OF OMNI'S RIGHTS UNDER STATE LAW

28.     OMNI reasserts the allegations of Paragraphs 1 through 27 above as if fully set forth here.

29.     Dura-Line contends that OMNI has engaged in unfair competition and false advertising. These allegations create a justiciable controversy, which affects OMNI's business and will interfere with and harm OMNI's business.

30.     OMNI requests a declaratory judgment from this Court that it has not violated any rights of Dura-Line under state law relating to OMNI's sale of its multi-duct conduit system.

## COUNT III: ACTION FOR DECLARATORY JUDGMENT OF CANCELLATION OF REGISTERED AND PENDING TRADEMARKS AND/OR TRADE DRESSES, 15 U.S.C. § 1064

31.     OMNI reasserts the allegations of Paragraphs 1 through 20 above as if fully set forth here.

32.     Dura-Line claims to own all rights, title and interest in United States Trademark Registration No. 3,185,238 and pending United States Trademark Application Serial No. 85752571.

33.     On information and belief, Dura-Line's United States Trademark Registration and the pending United States Trademark Application are invalid pursuant to 15 U.S.C. § 1051 *et seq*.  Accordingly, an actual controversy exists as to whether Dura-Line has any trademark rights under federal law.

34.     Dura-Line's registered and pending trademarks and/or trade dresses are functional and are not subject to protection under federal or state law.  Thus, an actual controversy exists as to whether Dura-Line's registered trademark and/or trade dress should be cancelled and whether Dura-Line's pending trademark and/or trade dress registration should be denied.

35.     Dura-Line's pending application for trademark and/or trade dress is not inherently distinctive and lacks secondary meaning.  Accordingly, an actual controversy exists as to whether Dura-Line's pending trademark and/or trade dress registration should be denied.

36.     OMNI requests a declaratory judgment from this Court that Dura-Line's federal trademark and/or trade dress registration should be cancelled pursuant to Section 37 of the Lanham Act, 15 U.S.C.A. § 1064(3).

37.     OMNI further requests a declaratory judgment from this Court that Dura-Line's pending federal trademark and/or trade dress registration should be denied.

38.     Plaintiff requests trial by jury on all issues.

**WHEREFORE**, Plaintiff Opti-Com Manufacturing Network, LLC prays:

A.      For a declaration and judgment that OMNI's actions do not constitute actionable trademark infringement, unfair competition under the Lanham Act, unfair competition under state law, and false advertising under state law, and that it is the right of OMNI and its customers to continue their business without any further action, threat or interference of any kind or nature by Dura-Line or anyone claiming through or under Dura-Line on account of said registered or pending trademarks and/or trade dresses.

B.      For a declaration and judgment that Dura-Line's registered trademark and/or trade dress and pending trademark and/or trade dress application are functional and not substantially similar to OMNI's products.

C.      For an injunction preliminarily and permanently restraining and enjoining Dura-Line from asserting, threatening or otherwise relying upon its United States Trademark Registration and Pending Registration against OMNI or its customers;

D.      For a declaration and judgment that United States Trademark Registration No. 3,185,283 and United States Trademark Application Serial No. 85752,283 are invalid, void, and unenforceable, and that the Court certify such declaratory judgment to the Director of the U.S. Patent and Trademark Office pursuant to Section 37 of the Lanham Act, 15 U.S.C.A. § 1119, for appropriate cancellation action, and instruct the U.S. Patent and Trademark Office and all applicable state offices to record the declaratory judgment and cancel all of Dura-Line's registrations filed with such Office and any state that reflect any intellectual property rights to the conduit and pipe, including, without limitation, Federal Registration No. 3,185,283 and Pending Federal Registration Application No. 85752571;

E.      For a judgment awarding OMNI costs and reasonable attorney's fees;

F.      Plaintiff requests trial by jury on all issues;

F.      For such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**ADAMS AND REESE LLP**

*/s/ Richard B. Eason II*
Richard B. Eason II (#5248)
Joseph Looney (#8773)
Diana Cole Surprenant (#33399)
701 Poydras Street, Suite 4500
New Orleans, LA  70139
Telephone:  504-581-3234
Facsimile:  504-566-0210
richard.eason@arlaw.com
joseph.looney@arlaw.com
diana.surprenant@arlaw.com

**SERVICE THROUGH RULE 4 OF FED. R. CIV. PRO.**